Singh v. McHenry

BIA
Nelson, IJ
A208 192 874

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

SATNAM SINGH,
> *Petitioner,*

v.

JAMES R. MCHENRY, III, ACTING
UNITED STATES ATTORNEY
GENERAL,
> *Respondent.*

22-6370
NAC

_____

FOR PETITIONER:              Jaspreet Singh, Esq., Law Office of Jaspreet

|                    | Singh, Richmond Hill, NY.                          |
|--------------------|----------------------------------------------------|
| **FOR RESPONDENT:** | Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; John F. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Satnam Singh, a native and citizen of India, seeks review of a July 5, 2022, decision of the BIA affirming a May 9, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Satnam Singh*, No. A 208 192 874 (B.I.A. July 5, 2022), *aff'g* No. A 208 192 874 (Immig. Ct. N.Y. City May 9, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA and address only the agency's determination that Singh failed to meet his burden with reasonably available corroborating evidence. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d

268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant bears the burden of proof to demonstrate eligibility for relief. *See* 8 U.S.C. § 1158(b)(1)(B)(i). An applicant must establish either past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

Thus, the agency may find testimony credible but "still decide that the testimony falls short of satisfying the applicant's burden, either because it is unpersuasive or because it does not include specific facts sufficient to demonstrate that the applicant is a refugee." *Pinel-Gomez v. Garland*, 52 F.4th 523, 529–30 (2d Cir. 2022) (quotation marks omitted); *see also Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018) (holding that "in some cases . . . an applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available"). This lack of corroboration can be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented. *Wei Sun*, 883 F.3d at 28–31. Before denying a claim solely on an applicant's failure to provide corroborating evidence, an IJ should "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Id.* at 31. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."

4

8 U.S.C. § 1252(b)(4).

We find no error in the agency's conclusion that Singh did not meet his burden of proof as to his claim that he was attacked by members of opposing political parties given some of his non-responsive and vague testimony and his failure to timely file reasonably available evidence.

First, as the IJ found, Singh's testimony was not always detailed or responsive. For example, Singh initially gave few details about his political activities for the Shiromani Akali Dal (A) (also known as the Mann Party), stating that he put up posters and made announcements but not explaining where (except that it was in his home state of Punjab) or what he said when he asked for votes or told people to join his party. He later testified that he also "was offering my services and also promoting," but when asked to clarify what that meant, he first repeated that statement, then said he put up posters and attended rallies. He specified that he worked at blood donation camps and camps for people with vision problems only after being prompted by specific questions, stating that he had forgotten. Singh also could not identify or explain what "internal injuries" he sustained, other than that they were to his stomach.

In addition, the record supports the discrepancies the IJ noted. The IJ was

reasonably skeptical of Singh's testimony that, although the police did not seek him out while he was in India after the first 2014 attack, they went to his parents' home three times a week looking for him after he left India in 2015. He testified inconsistently as to whether he previously had issues with the Congress Party. Finally, he had no clear explanation as to why he joined the youth wing of the Mann Party at age 32.

Given these issues with his testimony, the IJ reasonably concluded that corroboration was needed. *See Wei Sun*, 883 F.3d at 28. And the IJ identified documentary evidence that could have been submitted.

The IJ excluded late-filed documents, which included letters from family, friends, and the Mann Party. Accordingly, those documents were clearly available and Singh's only reason for the untimely filing was that he had not asked his family for the documents until one month before the hearing, despite knowing since 2017 that it had been set for 2019. Moreover, given Singh's admission that those statements were based on a written statement that he sent to India, the agency did not err in concluding that the late-filed evidence would not have warranted much weight if it had been admitted. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to

be afforded an applicant's documentary evidence"); *see also Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that the "IJ acted within her discretion in according [affidavits] little weight because the declarants (particularly [petitioner's] wife) were interested parties and neither was available for cross-examination").

Nor did the IJ err in relying on the absence of medical records. Singh testified that he saw a doctor, but added that the doctor was elderly and might have died. This speculation does not establish that the evidence was unavailable because he testified both that he did not try to obtain the records and that he could not remember if he asked anyone to try to obtain them. *See* 8 U.S.C. § 1252(b)(4). And his statement in his brief that he asked his father for a medical letter contradicts that testimony. Finally, Singh testified that he had a membership card and badges from the Mann Party, but when asked why he did not submit them, he gave a variety of answers—that he paid to get a paper that he was a member or worker, that he thought it was in the file, that he had it in India but may have lost it, and that he did not have it in the United States and did not ask his family to send it—that do not compel a conclusion that the evidence was unavailable.

In sum, the agency did not err in concluding that Singh failed to meet his

burden of proof given his sometimes vague and non-responsive testimony and the lack of corroboration that could have been requested and timely filed. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Pinel-Gomez*, 52 F.4th at 529–30. Singh's argument here that his failure to present evidence should be excused because of his "rural background, limited education," and lack of familiarity with the U.S. legal process misses the mark because he had counsel throughout the agency proceedings. *See Wei Sun*, 883 F.3d at 31 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ." (quotation marks omitted)). This burden finding is dispositive because all three forms of relief were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that applicant who does not establish "chance of persecution" for asylum, necessarily fails to establish greater likelihood of harm for withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8